JOHN L. BURRIS Esq., SBN 69888
LATEEF H. GRAY, Esq., SBN 250055
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com

Attorneys for Plaintiff
ALI ADLPARVAR

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ADLPARVAR, an individual,<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; ANTHONY JACKSON, individually and in his capacity as a deputy for the COUNTY OF ALAMEDA Sheriff's Office; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California.  This action is against the COUNTY OF ALAMEDA, DEPUTY ANTHONY JACKSON of the COUNTY OF ALAMEDA Sheriff's Office, and DOES 1-50.

2. It is also alleged that these violations and torts were committed during the course and scope of the above-mentioned officers' employment with the COUNTY OF ALAMEDA Sheriff's Office.

**JURISDICTION**

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Hayward, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

**PARTIES**

4. Plaintiff ALI ADLPARVAR ("Plaintiff") has been and is a resident of California and a United States Citizen.

5. Defendant, ANTHONY JACKSON, (hereinafter "Defendant Jackson") was a Sheriff's Deputy for the Alameda County Sheriff's Office, and is sued in his individual capacity, and in his capacity as a deputy for the Alameda County Sheriff's Office.

6. Defendant County of Alameda ("County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Alameda County Sheriff's Office and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of Defendant officers, individually and as peace officers.

7. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

COMPLAINT FOR DAMAGES - 2

8. Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## FACTUAL ALLEGATIONS

9. The incident took place on May 1, 2016 at approximately 4:00 p.m. at Plaintiff's, Ali Adlparvar, residence located at 2901 East Avenue in Hayward, California.

10. On the afternoon of the incident, Alameda County Deputy Sheriff Anthony Jackson responded to Mr. Adlparvar's residence because of a disturbance call made by one of Mr. Adlparvar's neighbors.  Mr. Adlparvar was not at home when Deputy Jackson arrived at his residence.

11. When Mr. Adlparvar arrived home, he parked his car in the driveway and stepped out of his car with groceries in his hands.  Deputy Jackson then abruptly halted Mr. Adlparvar by placing one hand on top of Mr. Adlparvar's car and another on the door in an attempt to prevent Mr. Adlparvar from moving away from his car.

12. Confused, Mr. Adlparvar asked Deputy Jackson for permission to place his groceries on the ground.  Deputy Jackson emphatically refused to allow Mr. Adlparvar to place his groceries on the ground.

13. Without warning or just provocation, Deputy Jackson then violently slammed Mr. Adlparvar to the ground, brutally slamming his head against a wall in the process.  Subsequently, Deputy Jackson used an excessive amount of force to place Mr. Aldparvar in handcuffs.

14. Deputy Jackson then aggressively lifted Mr. Adlparvar from the ground by his shirt.  Mr. Adlparvar never resisted and complied with Deputy Jackson's orders throughout the subject incident.

15. As a result of Deputy Jackson's wrongful conduct and excessive use of force, Plaintiff suffered bruising throughout his arms, legs, and face. Further, Plaintiff needlessly spent a total of five days in Santa Rita Jail.  In addition to his physical injuries, Plaintiff suffered from emotional distress as a result of the unjustified, unprovoked and unconstitutional conduct of Deputy Jackson.

16. Prior to his excessive use of force, Deputy Jackson never informed Plaintiff that he was either being detained or under arrest.

17. Plaintiff suffered severe emotional distress as a direct result of the involved Defendant officers' misconduct described herein.

18. The actions and omissions of the County of Alameda Sheriff Office's Deputies was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the County and/or other jurisdictions.  The County was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

19. The actions of Defendants' described herein were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

20. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth, Eighth and Fourteenth Amendments, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

21. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Detention)**
**(42 U.S.C. § 1983)**

**(Against Defendants Jackson, and DOES 1-25)**

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite reasonable suspicion to detain Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants Jackson, and DOES 1-25)**

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Jackson, and DOES 1-25)**

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(*Monell* - 42 U.S.C. § 1983)**

**(Against Defendants County and DOES 26-50)**

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that high-ranking County officials, including high-ranking supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by Defendant Jackson, and DOES 1-25, and/or the Alameda County Sheriff's Office.

30. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

31. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants Jackson, and DOES 1-25 and/or each of them, the Alameda County Sheriff's Office encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

32. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of County Sheriff's Deputies, including, but not limited to their use of excessive force.

33. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking Alameda County Sheriff's Office's supervisors DOES 26-50, Defendants DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (Against Defendants Jackson, and DOES 1-25)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint.

35. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

36. As a direct and proximate result of Defendants' violations of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

37. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

38. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

39. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants Jackson, County and DOES 1-50)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

41. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees,


Defendants DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

42. Defendants negligently and without due care slammed Plaintiff to the ground without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

43. The violent and needless slamming of Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Battery)**
**(Against Defendants Jackson, and DOES 1-25)**

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Defendants intentionally slammed Plaintiff to the ground without any just provocation or cause. Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**EIGHT CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants Jackson, and DOES 1-25)**

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint.

47. Defendants' above-described conduct was extreme, unreasonable and outrageous. Without legal justification, Defendants slammed a non-resisting Plaintiff to the ground. Defendants then forced Plaintiff to spend 5 days in Santa Rita Jail.

48. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

49. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  August 8, 2017

   /s/ John L. Burris
John L. Burris Esq.
Attorney for Plaintiff